IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| YOLANDA M. ALLEN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:19-cv-1482-B-BN |
| | § | |
| SAMI HABASH, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff Yolanda M. Allen, proceeding *pro se*, brings various claims related to

the loss of her home. *See* Dkt. No. 3. Her action has been referred to the undersigned

United States magistrate judge for screening under 28 U.S.C. § 636(b) and a standing

order of reference from United States District Judge Jane J. Boyle. The undersigned

enters these findings of fact, conclusions of law, and recommendation that the Court

should dismiss this action without prejudice for lack of subject matter jurisdiction.

**Applicable Background**

Allen filed this "civil lawsuit for wrongful foreclosure and eviction," alleging that

"the defendants filed a forcible entry and detainer action in the JP Court and in

District Court against Plaintiff, using forged, incomplete and illegal documents" and

thereby breached a contract with her, causing damages. Dkt. No. 3 at 1, 3; *see also id.*

at 3 (specifying her damages as that she "has had to hire an attorney to defend her in

JP Court, County Court at Law and District Court"; that she "was order[ed] to vacate

her home, and had to incur expenses of finding other living arrangements"; and that,

in the course of moving, she fell from a ladder and incurred injuries and medical expenses).

Allen's request for relief includes that "[t]his Court Void the enforceable detainer of May 31, 2019, based on fraudulent warranty deeds of defendants" and that "the alleged eviction be discharged." *Id.* at 11.

Recognizing that the Court likely lacked subject matter jurisdiction over Allen's claims, the Court ordered that she file no later than July 29, 2019 a written response to show the Court that it has subject matter jurisdiction over this lawsuit. *See* Dkt. No. 6. Allen filed a timely response. *See* Dkt. No. 8.

## Legal Standards and Analysis

Federal courts have an independent duty to examine their own subject matter jurisdiction, *see Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999), particularly when – as is the case here – a plaintiff's complaint fails to make it apparent that subject matter jurisdiction exists.

The federal courts' jurisdiction is limited, and federal courts generally may only hear a case if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332. Because Allen chose to file her lawsuit in federal court, it is her burden to establish federal jurisdiction. *See Butler v. Dallas Area Rapid Transit*, 762 F. App'x 193, 194 (5th Cir. 2019) (per curiam) ("[A]ssertions [that] are conclusory [ ] are insufficient to support [an] attempt to establish subject-matter jurisdiction." (citing *Evans v. Dillard Univ.*, 672 F. App'x 505, 505-06 (5th Cir. 2017) (per cuiam); *Jeanmarie v. United States*, 242 F.3d 600, 602 (5th

-2-

Cir. 2001))). And if she does not, this lawsuit must be dismissed. *See* FED. R. CIV. P.

12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction,

the court must dismiss the action.").

In diversity cases, each plaintiff's citizenship must be diverse from each

defendant's citizenship, and the amount in controversy must exceed $75,000. *See* 28

U.S.C. §§ 1332(a), (b). And federal question jurisdiction under 28 U.S.C. § 1331 "exists

when 'a well-pleaded complaint establishes either that federal law creates the cause

of action or that the plaintiff's right to relief necessarily depends on resolution of a

substantial question of federal law.'" *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th

Cir. 2009) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1,

27-28 (1983)). "A federal question exists 'if there appears on the face of the complaint

some substantial, disputed question of federal law.'" *In re Hot-Hed Inc.*, 477 F.3d 320,

323 (5th Cir. 2007) (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362,

366 (5th Cir. 1995)).

The Court will not assume it has jurisdiction. Rather, "the basis upon which

jurisdiction depends must be alleged affirmatively and distinctly and cannot be

established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*,

841 F.2d 1254, 1259 (5th Cir. 1988) (citing *Ill. Cent. Gulf R. Co. v. Pargas, Inc.,* 706

F.2d 633, 636 & n.2 (5th Cir. 1983)).

First, Allen, apparently a Texas citizen, does not established diversity

jurisdiction, under Section 1332, through her complaint, as she has sued various

parties who – based on the allegations of the complaint – are also Texas citizens. *See*

Dkt. No. 3 at 5. Nor does she attempt to explain how jurisdiction under Section 1332 exists through her show cause response. *See generally* Dkt. No. 8.

Next, to the extent that Allen has cited various federal statutes, merely citing a federal statute, such as 42 U.S.C. §§ 1983, 1985, and 1986 *see* Dkt. No. 3 at 4, does not itself confer federal question jurisdiction, under Section 1331. *See, e.g., Borders v. La. Citizens Prop. Ins. Co.,* Civ. A. No. 07-5399, 2017 WL 3334323, at \*2 (E.D. La. Nov. 8, 2007) (observing that a reference "made by plaintiff to federal law does not, by itself, provide this Court with subject matter jurisdiction." (citing *Till v. Unifirst Fed. Sav. & Loan Ass'n*, 653 F.2d 152, 161-62 (5th Cir. Unit A Aug. 1981); citations omitted)).

Allen must instead provide factual allegations to support her invocation of federal law. *See Butler*, 762 F. App'x at 194; *see, e.g., Mitchell v. Clinkscales*, 253 F. App'x 339, 340 (5th Cir. 2007) (per curiam) ("The complaint contains no allegation that Mitchell and Clinkscales are citizens of different states; thus, Mitchell failed to plead and establish subject-matter jurisdiction based on the existence of complete diversity. Additionally, although Mitchell argues that Clinkscales is liable under 42 U.S.C. § 1983, Mitchell does not allege facts demonstrating that Clinkscales acted under color of state law; thus, Mitchell failed to plead and establish subject-matter jurisdiction based on the existence of a federal question. [And t]he district court was required to dismiss the complaint." (citations omitted)).

She failed to provide facts to support claims under the statutes she cites in her complaint and has failed to offer facts to support a claim under the Federal Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA"), as alleged in her show

cause response, *see* Dkt. No. 8 at 1, which is not itself a pleading and thus a proper

means to amend or add claims, *cf. Klaizner v. Countrywide Fin.*, No. 2:14-CV-1543

JCM (PAL), 2015 WL 627927, at *10 (D. Nev. Feb. 12, 2015) ("All claims for relief must

be contained in a pleading. A response to a motion is not a pleading and it is improper

for the court to consider causes of action not contained in the pleadings." (citations

omitted)).

Further, to the extent that Allen cites various federal criminal statutes, even if

a criminal statute may apply here, Allen may "not assert a valid basis for federal

question jurisdiction" by relying "on federal criminal statutes only," *Robinson v.

Pulaski Tech. Coll.*, 698 F. App'x 859 (8th Cir. 2017) (per curiam) (citations omitted),

as she "has no standing to institute a federal criminal prosecution and no power to

enforce a criminal statute," *Savannah v. United States*, No. 3:07-cv-2052-O, 2009 WL

1181066, at *2 (N.D. Tex. Apr. 30, 2009) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614,

619 (1973); *United States v. Batchelder*, 442 U.S. 114, 124 (1979)); *see also McKeague

v. Matsuura*, Civ. No. 08-00571 ACK-KSC, 2009 WL 89112, at *2 (D. Haw. Jan. 12,

2009) (citing "a handful of federal criminal statutes ... fails to sufficiently demonstrate

that [a plaintiff's] claims arise under federal law" (citation omitted)).

Finally, Allen's claims stem from her losing a forcible detainer action in state

court. *See, e.g.,* Dkt. No. 3 at 13 ("This Affidavit is given in support all of the Plaintiff's

Wrongful Foreclosure as a result of Case No. DC-18-05024 filed in the 160th District

Court of Dallas County. That lawsuit was filed to get judicial determination that I was

the rightful owner of the home located at ... 1623 S. Westmoreland Rd., Glenn Heights,

Texas ...."). And, as part of the relief that she now seeks, Allen requests that the "Court Void the enforceable detainer of May 31, 2019, based on the fraudulent warranty deeded of defendants ... and grant damages and the property located at 1623 S. Westmoreland Rd., Glenn Heights, Texas." *Id.* at 11.

Allen's claims thus appear to implicate "the *Rooker-Feldman* doctrine" – "a narrow jurisdictional bar ... designed to prevent lower federal courts from exercising jurisdiction over matters that are exclusively reserved for Supreme Court review under 28 U.S.C. § 1257." *Gross v. Dannatt*, 736 F. App'x 493, 494 (5th Cir. 2018) (per curiam) (citing *Lance v. Dennis*, 546 U.S. 459, 464, 463 (2006) (per curiam); citation omitted). Put differently, federal-court authority to review a state court's judgement lies exclusively with the United States Supreme Court. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005) ("Because § 1257, as long interpreted, vests authority to review a state court's judgment solely in this Court, the District Courts in *Rooker* and *Feldman* lacked subject-matter jurisdiction." (citations omitted)); *see also Hale v. Harney*, 786 F.2d 688, 691 (5th Cir. 1986) ("Judicial errors committed in state courts are for correction in the state court systems, at the head of which stands the United State Supreme Court.").

Under this doctrine, a federal district court lacks jurisdiction to consider "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon,* 544 U.S. 280 at 284; *see Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994) ("under [*Rooker-Feldman*] a party losing in

state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights" (citing *D.C. Ct. App. v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 416 (1923))); *Houston v. Queen*, 606 F. App'x 725, 730 (5th Cir. 2015) (stating that there are four elements to the *Rooker-Feldman* doctrine: "(1) a state-court loser; (2) alleging harm caused by a state-court judgment; (3) that was rendered before the district court proceeding began; and (4) federal suit requests review and reversal of the state-court judgment."); *see also Truong v. Bank of Am., N.A.*, 717 F.3d 377, 382 (5th Cir. 2013) ("'Reduced to its essence, the *Rooker-Feldman* doctrine holds that inferior federal courts do not have the power to modify or reverse state court judgments' except when authorized by Congress." (quoting *Union Planters Bank Nat'l Ass'n v. Salih*, 369 F.3d 457, 462 (5th Cir. 2004))).

"A plaintiff cannot 'circumvent this jurisdictional limitation by asserting claims not raised in the state court proceedings or claims framed as original claims for relief,' if these claims are 'inextricably intertwined with a state judgment.'" *Turner v. Cade*, 354 F. App'x 108, 111 (5th Cir. 2009) (per curiam) (quoting *United States v. Shepherd*, 23 F.3d 923, 924 (5th Cir. 1994); citation and internal quotation marks omitted).

The United States Court of Appeals for the Fifth Circuit has "held 'that litigants may not obtain review of state court actions by filing complaints about those actions in lower federal courts cast in the form of civil rights suits'" and that, moreover, "[t]he only federal recourse for constitutional questions arising in state court proceedings is

application for writ of certiorari to the United States Supreme Court." *Id.* (quoting

*Hale*, 786 F.2d at 690-91, then citing *Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th

Cir. 1994)).

 And this doctrine applies to claims brought in federal court that are inextricably

intertwined with a state forcible-detainer judgment – such as, here, a plaintiff's

requesting that a federal court review and reverse the state court's decision and also

award her damages based on that decision. *See Salinas v. U.S. Bank Nat'l Ass'n*, 585

F. App'x 866, 867 (5th Cir. 2014) (per curiam) ("Because Salinas's present claims arise

from the state court proceedings and are 'inextricably intertwined' with the state

court's judgment – i.e., reversal of the state court's judgment would be a necessary part

of the relief requested by Salinas, and the source of his claims is the state judgment

and writ of possession – the district court lacked subject matter jurisdiction to review

his claims under the *Rooker-Feldman* doctrine." (citations omitted)); *see also Morris v.*

*Wells Fargo Bank*, 677 F. App'x 955, 957-58 (5th Cir. 2017) (per curiam) ("Morris asks

this court to restore the possession of the Property that he lost in the earlier state court

litigation, which awarded possession of the Property to American Home following the

foreclosure sale. Accordingly, because Morris is complaining of 'injuries caused by [a]

state-court judgment[ ],' the district court lacked subject matter jurisdiction under the

*Rooker-Feldman* doctrine." (citations omitted)).

 Allen attempts to recast the claims in her complaint to allege that the state

court's adjudication against her violated her civil rights. *See* Dkt. No. 8 at 3-4 ("I am

not asking this court to review or make rules on the lower court's decision, only that

-8-

my rights are protected according to the constitution."). But, as explained above,

> [c]onstitutional questions arising in state proceedings are to be resolved
> by the state courts. If a state trial court errs the judgment is not void, it
> is to be reviewed and corrected by the appropriate state appellate court.
> Thereafter, recourse at the federal level is limited solely to an application
> for a writ of certiorari to the United States Supreme Court. The casting
> of a complaint in the form of a civil rights action cannot circumvent this
> rule, as absent a specific delegation "federal district court[s], as court[s]
> of original jurisdiction, lack[ ] appellate jurisdiction to review, modify, or
> nullify final order[s] of state court[s]."

*Liedtke,* 18 F.3d at 317 (quoting *Kimball v. Fla. Bar,* 632 F.2d 1283, 1284 (5th Cir.

1980); footnotes omitted).

Allen has therefore not affirmatively and distinctly alleged the Court's subject

matter jurisdiction, requiring the dismissal of this action without prejudice.

## Recommendation

The Court should dismiss this action for lack of subject matter jurisdiction under

Federal Rule of Civil Procedure 12(h)(3).

A copy of these findings, conclusions, and recommendation shall be served on all

parties in the manner provided by law. Any party who objects to any part of these

findings, conclusions, and recommendation must file specific written objections within

14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

In order to be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and

specify the place in the magistrate judge's findings, conclusions, and recommendation

where the disputed determination is found. An objection that merely incorporates by

reference or refers to the briefing before the magistrate judge is not specific. Failure

to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 20, 2019

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE